**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William Rodrigo Tenesaca-Yanchatuna,<br>Petitioner,<br>v.<br>Kristi Noem, et al.,<br>Respondents. | No. CV-25-04615-PHX-KML (ASB)<br>**ORDER** |

Petitioner filed a petition under 28 U.S.C. § 2241.[1] (Doc. 1.) The petition presents the recurring issue whether a particular individual is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). District courts have split on this issue as set forth in *Zepeda v. Noem*, CV-25-4236-PHX-KML (JFM), ECF No. 13 at 2–3 (D. Ariz. Dec. 11, 2025). On December 11, 2025, the Seventh Circuit concluded the Department of Homeland Security and the U.S. Immigration and Customs Enforcement were "not likely to succeed on the merits of their argument" regarding "mandatory detention under § 1225(b)(2)(A)." *Castanon-Nava v. U.S. Dep't of Homeland Sec.*, No. 25-3050, 2025 WL 3552514, at *9 (7th Cir. Dec. 11, 2025). Based on existing district court authority and the Seventh Circuit's opinion, respondents must show cause why the petition should not be granted to the extent

---

[1] Petitioner also filed an expedited motion for temporary restraining order/preliminary injunction. (Doc. 2.) That motion appears to consist of portions taken from other filings as the exact relief being requested is not consistent throughout the motion. But regardless of the inconsistency, because the court is directing respondents to show cause why the petition should not be granted, the court finds petitioner is not entitled to preliminary relief at this juncture. The motion is denied without prejudice.

that petitioner be provided a bond hearing under 8 U.S.C. § 1226.[2]

Accordingly,

**IT IS ORDERED**:

1. Petitioner's expedited motion for temporary restraining order/preliminary injunction (Doc. 2) is **denied without prejudice**.
2. Counsel for petitioner must immediately serve the petition upon respondents.
3. If not already issued, the clerk's office must issue any properly completed summonses.
4. The clerk of court must immediately transmit by email a copy of this order and the petition to the United States Attorney for the District of Arizona, to the attention of Katherine Branch at katherine.branch@usdoj.gov, Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, and Theo Nickerson at Theo.Nickerson2@usdoj.gov.
5. Respondents must show cause no later than **December 17, 2025** why the petition should not be granted. Petitioner may file a reply no later than **December 19, 2025**. Dated this 12th day of December, 2025.

Honorable Krissa M. Lanham
United States District Judge

---

[2] The petition seeks relief in the form of release from detention and a prohibition on removing petitioner from the United States. (Doc. 1 at 24.) Courts handling similar cases have granted bond hearings, not release. *Quinapanta v. Bondi*, No. 25-CV-795-WMC, 2025 WL 3157867, at *6 (W.D. Wis. Nov. 12, 2025) ("more than 45 district courts have . . . ordered bond hearings").